Submitted on remand from the Oregon Supreme Court October 28, 2008, remanded for resentencing; otherwise affirmed February 11, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PHILLIP ALLEN SHELLABARGER,
*Defendant-Appellant.*

Coos County Circuit Court
03CR1593; A123282

202 P3d 897

James N. Varner for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Shellabarger*, 201 Or App 210, 116 P3d 952 (2005) (*Shellabarger I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Shellabarger*, 345 Or 316, 195 P3d 63 (2008). In *Shellabarger I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that we correctly exercised our discretion in *Shellabarger I*. Accordingly, we again remand for resentencing.

Defendant was convicted of first-degree assault and two counts of second-degree assault arising out of an altercation that he had with his domestic partner. The trial court imposed a durational departure sentence of 120 months' imprisonment on the first-degree assault conviction. The court gave the following reasons for the departure:

"There's at least one prior conviction for assault and there is one prior incident that is assaultive type behavior. And, whether the Court considers the affidavit * * * it's certainly similar to the assault that occurred here. And, not totally similar, but there are some similar incidents of kicking. But, certainly there was enough that he had to go under deferred sentencing. So, I easily find there's more than one incident of assault.

"In fact, if there's one incident of assault fifteen years ago and nothing else, I doubt that the Court would even consider—couldn't consider it under persistent involvement. But, there's another one then years later and now there's another one five years later, which shows a fairly, although time between, a consistent pattern of assaulting people. So, I think there's grounds to depart based on that factor."

The prior incident of assaultive behavior that the trial court referred to was defendant's conviction, in 1988, for "simple" assault in Washington. Defendant's prior conviction for assault in Oregon occurred in 1998. Defendant was sentenced in this case in 2003.

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 881 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted plain error. Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion. However, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion because there is "no legitimate debate" that a jury would have found the departure factor relied on by the trial court. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We disagree.

In *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), the Supreme Court held that " '[p]ersistent involvement in similar offenses' presents a factual issue that * * * a defendant may insist that a jury find beyond a reasonable doubt." The court explained:

"In determining whether the record establishes '[p]ersistent involvement in similar offenses,' a sentencing court must do more than find that a defendant has two or more prior convictions for similar offenses. The trier of fact must infer from the number and frequency of those prior convictions whether the defendant's involvement in those

offenses is 'persistent'; that is, the trier of fact must determine whether the defendant's involvement in similar offenses is sufficiently continuous or recurring to say that it is 'persistent.'"

*Id.* (brackets in original). There is "no legitimate debate" that a jury would have found the departure factor where evidence in support of that factor was "overwhelming." *Ramirez*, 343 Or at 513-14. Thus, to establish that there is no legitimate debate that a defendant was persistently involved in similar offenses, the evidence adduced at trial and sentencing not only must establish that the defendant had two or more prior convictions, but also must support—indeed, to be "overwhelming" it must *require*—the inference that the defendant's involvement was sufficiently continuous or recurring to say that it was "persistent."

On this record, we cannot say that there is no legitimate debate that the jury would have found that defendant was persistently involved in similar offenses. Under the test set out in *Bray*, read in light of the standard enunciated in *Ramirez*, we cannot say that the evidence of defendant's prior involvement in similar offenses was so overwhelming as to *require* the inference that he was persistently involved in similar offenses. First, the period of 15 years between defendant's first conviction and his current conviction would have allowed a reasonable jury to find that defendant lacked the "frequency" of convictions required for a finding of persistent involvement. *See Bray*, 342 Or at 724. Second, there was an extended colloquy between the court and counsel at sentencing about whether defendant's prior conviction for "simple assault" constituted a "prior conviction for a similar offense" in light of the statutory scheme in place in Washington in 1988. We need not resolve that question here, however, because it is enough in the context of the exercise of our discretion to conclude that there was a legitimate debate about whether defendant's "simple assault" conviction was similar to his later, and his current, Oregon assault convictions.

Finally, the gravity of the error in this case is substantial. *Ailes*, 312 Or at 382 n 6. The trial court's imposition of a 120-month departure sentence increased defendant's

overall length of incarceration by 30 months. Accordingly, we exercise our discretion to correct the assigned error.

Remanded for resentencing; otherwise affirmed.