Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed February 11, petition for review denied April 22, 2009 (346 Or 184)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DENNIS DAVID STEINHOFF,
*Defendant-Appellant.*

Coos County Circuit Court
03CR0514; A121824

202 P3d 901

Ernest G. Lannet, Senior Deputy Public Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Steinhoff*, 202 Or App 221, 120 P3d 1255 (2005) (*Steinhoff I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Steinhoff*, 345 Or 316, 195 P3d 64 (2008). In *Steinhoff I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Steinhoff I* was erroneous. Accordingly, we affirm.

Defendant was convicted of first-degree burglary, third-degree theft, and second-degree criminal mischief; the trial court imposed a durational departure sentence of 60 months' imprisonment on the first-degree burglary conviction. The court explained its basis for departure:

"[T]here's not too many records that the Court sees that have been longer than this. That's like, even if you subtract four convictions, there's still twenty some convictions for different things. Most of them were in the '80's but you've had some in the '90's certainly. And, even one last year—two last year.

"* * * * *

"There is a break there * * * and I'm certainly taking that into account somewhat. But, clearly, he's got a repetitive history for Burglary and Theft type offenses. And, some of them are in the '80's and '90's. But, it appears that he's coming back to that type of conduct. And, he's had some other conduct in the meantime. I'll take into account that some of the record is old. But, it doesn't mitigate it that much. So, that's the reason for the departure is repetitive conduct with theft type offenses, burglaries in particular."

The "break" the court referred to was a nine-year period between 1994 and 2003 when defendant had not been convicted of a theft-type offense.[1] Defendant's criminal history included at least five prior convictions for theft; the state argued that defendant had nine prior theft convictions, which defendant disputed, and the trial court apparently agreed to consider the lower number but also noted that "five is actually quite a few."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted plain error. Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion. However, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion because there is "no legitimate debate" that a jury would have found the departure factor relied upon by the trial court. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We agree.

---

[1] The state argues on appeal that it is possible that defendant was incarcerated during that nine-year period. According to the criminal history worksheet, defendant's last convictions were for three counts of second-degree burglary in 1994 and attempted rape, first-degree sexual abuse, and fourth-degree assault in 1993. Defendant was also convicted of driving under the influence of intoxicants and driving while suspended in 2001 and 2002, respectively. Though the state's observation is a logical one, in the absence of evidence in the record establishing the lengths and dates of defendant's incarcerations, we cannot assume that the nine-year break was the result of defendant being incarcerated. Accordingly, we do not consider that possibility in our analysis.

In *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), the Supreme Court held that " '[p]ersistent involvement in similar offenses' presents a factual issue that * * * a defendant may insist that a jury find beyond a reasonable doubt." The court explained:

> "In determining whether the record establishes '[p]ersistent involvement in similar offenses,' a sentencing court must do more than find that a defendant has two or more prior convictions for similar offenses. The trier of fact must infer from the number and frequency of those prior convictions whether the defendant's involvement in those offenses is 'persistent'; that is, the trier of fact must determine whether the defendant's involvement in similar offenses is sufficiently continuous or recurring to say that it is 'persistent.'"

*Id.* (brackets in original). As the Supreme Court explained in *Ramirez*, there is "no legitimate debate" that a jury would have found the departure factor where evidence in support of that factor was "overwhelming." 343 Or at 513-14. Thus, to establish that there is no legitimate debate that a defendant was persistently involved in similar offenses, the evidence adduced at trial and sentencing must not only establish that the defendant had two or more prior convictions, but also must support—indeed, to be "overwhelming" it must *require*—the inference that the defendant's involvement was sufficiently continuous or recurring to say that it was "persistent."

On this record, we conclude that a jury would readily draw that inference. Although defendant did have a nine-year "break" during which he did not have a conviction for a burglary or theft-type offense, the uncontroverted evidence of at least five prior convictions for such offenses is sufficient to convince us that there is no legitimate debate that the jury would have found defendant to have been persistently involved in similar offenses. Accordingly, we decline to exercise our discretion to correct the assigned error.

Affirmed.