Submitted July 29, affirmed November 24, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON DOUGLAS SKAGGS,
*Defendant-Appellant.*

Lane County Circuit Court
200806223; A139834

244 P3d 380

Peter Gartlan, Chief Defender, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals his conviction after a jury trial for first-degree theft. ORS 164.055. He asserts that the trial court erred in denying his motion for a judgment of acquittal on the sentencing departure factor that defendant had been persistently involved in similar criminal conduct. We conclude that, even though 14 years separated defendant's current offense from his most recent previous similar crime, a reasonable juror could have found that defendant had been persistently involved in similar offenses. Accordingly, we affirm.

Defendant's current crime of conviction arose from a car break-in that he committed in 2008. At the sentencing hearing, the state sought a departure sentence based on defendant's alleged persistent involvement in similar offenses. *See* OAR 213-008-0002(1)(b)(B) (departure sentence may be imposed based on finding of defendant's persistent involvement in similar offenses). The state adduced evidence that, in 1989, defendant was convicted three times of first-degree theft and two times of second-degree theft; in 1990, defendant was convicted of first-degree aggravated theft; and in 1994, defendant was convicted of attempted first-degree burglary. Defendant moved for a judgment of acquittal on the allegation of persistent involvement, arguing that no reasonable trier of fact could find that his involvement in theft-related criminal conduct had been continuous and, thus, persistent. The trial court denied the motion, and defendant appeals from the ensuing judgment imposing a departure sentence.

■    In order to warrant a departure sentence, the state must prove the factual elements of an enhancement factor beyond a reasonable doubt. ORS 136.785(2). The Supreme Court has held that, in determining whether a defendant has been "persistent[ly] involve[d] in similar offenses," the trier of fact "must do more than find that a defendant has two or more prior convictions for similar offenses." *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007). Rather, the trier of fact "must infer from the number and frequency of those prior [offenses] whether the defendant's involvement in those

offenses is 'persistent[.]' " *Id.* In determining what "persistent" entails, the court drew from the ordinary understanding of that term, *i.e.*, recurring or continuing. *Id.* Given the particular record in *Bray*, the Supreme Court concluded that more than one inference could have been drawn from the defendant's criminal history as to whether his criminal conduct was recurring or continuing because, although the defendant had 10 offenses in his criminal history that were similar to his current crime of conviction, all had arisen out of a single prior criminal incident involving two victims. As a result, the court determined that the failure to submit the issue of "persistent involvement" to a jury—which was a preserved claim of error in *Bray*—was not harmless. *Id.*

■       In light of *Bray*, the factfinder is to determine, from the "number and frequency" of the defendant's prior similar offenses whether the defendant's involvement in those offenses was so "continuous or recurring" as to be "persistent." *State v. Schenewerk*, 217 Or App 243, 246-47, 174 P3d 1117 (2007), *rev den*, 344 Or 671 (2008). In *State v. Shellabarger*, 225 Or App 527, 202 P3d 897 (2009), the defendant had two prior convictions for offenses similar to the current crime of conviction. The two convictions involved crimes that were committed five and 15 years before the current crime. We held that, under those circumstances, a jury could consider whether the defendant's involvement in similar criminal conduct had the "frequency * * * required for a finding of persistent involvement." *Id.* at 531. Similarly, in *State v. Steinhoff*, 225 Or App 522, 201 P3d 901, *rev den*, 346 Or 184 (2009), we held that a nine-year interval between the defendant's most recent similar prior offense and the current crime of conviction was not so lengthy as to preclude a "legitimate debate," for purposes of discretionary plain error review, as to whether a jury would find persistent involvement.

■       The foregoing cases show that the issue whether prior similar offenses were sufficiently frequent or recurring to establish the requisite persistency is, at least ordinarily, an issue for the trier of fact. In that regard, it is particularly significant that, under its ordinary meaning, persistency may partake of either continuity *or* recurrence. *Bray*, 342 Or at 724; *see also Webster's Third New Int'l Dictionary* 1686 (unabridged ed 2002) (defining "persistent" as "existing for a

long or longer than usual time or continuously : ENDURING, LINGERING"). Thus, although a 14-year interval might preclude a finding of *continuous* similar criminal conduct, the commission of seven similar offenses within the previous five years, followed by the same 14-year interval, might permit a reasonable trier of fact to find that the overall course of criminal conduct was *recurrent*. Stated differently, because of the myriad possible permutations, there is no bright-line rule establishing a minimum of similar offenses in number and frequency, necessary to create a triable issue of persistency.

The state takes that point to its limit, arguing that under *Bray*, as long as the defendant has committed more than one similar prior offense,[1] regardless of the temporal remoteness of those offenses, the issue of persistency must always be decided by the trier of fact. We need not decide in this case whether that proposition is correct. Defendant had seven prior theft-related convictions over the 19 years preceding his current offense. Even though the most recent of those was committed 14 years before the current offense, we conclude that, given the number and frequency of defendant's similar prior offenses, a reasonable trier of fact could find that, by virtue of recurrence, defendant had been persistently involved in similar offenses.

Affirmed.

---

[1] We have held that the factor cannot be applied if there is only one similar prior conviction. *State v. Rodriquez*, 113 Or App 696, 833 P2d 1343 (1992); *State v. Clark*, 113 Or App 692, 833 P2d 1341 (1992).