Argued and submitted January 27; conviction on Count 2 reversed and remanded for entry of judgment of conviction for possession of a controlled substance without the commercial drug offense enhancement, remanded for resentencing, otherwise affirmed September 14, 2016; petition for review allowed February 2, 2017 (360 Or 851)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE ROBERTO FIERRO VILLAGOMEZ,
*Defendant-Appellant.*

Yamhill County Circuit Court
13CR08907; A156397

380 P3d 1150

Larry R. Roloff argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## SERCOMBE, P. J.

Following a jury trial, defendant was convicted of delivery of methamphetamine, ORS 475.890, and possession of methamphetamine, ORS 475.894. Additionally, the jury found that the state had proved three "commercial drug offense" factors, allowing enhanced sentences for both of those convictions. *See* ORS 475.900(1)(b) (providing that, if a defendant is convicted of certain drug offenses, the crime seriousness category under the sentencing guidelines grid for those offenses shall be increased to 8, if the state proves three of the "commercial drug offense" factors listed in ORS 475.900(1)(b)(A) to (K)).[1] Defendant assigns error to the trial court's denial of his motion for judgment of acquittal relating to one of those factors—that "[t]he delivery *** was for consideration." ORS 475.900(1)(b)(A). The state responds that there was sufficient evidence to prove that enhancement factor. We agree with defendant that the trial court erred in denying his motion for judgment of acquittal. Although we conclude that the error was harmless with respect to the enhancement for the delivery charge because of a separate enhancement determination made by the jury, the denial of the motion was not harmless with regard to the enhancement for the possession charge. Accordingly, we

---

[1] ORS 475.900(1)(b) provides, in part, that a violation of ORS 475.890 and ORS 475.894, among other crimes, "shall be classified as crime category 8 of the sentencing guidelines grid of the Oregon Criminal Justice Commission if:

"The violation constitutes possession, delivery or manufacture of a controlled substance and the possession, delivery or manufacture is a commercial drug offense. A possession, delivery or manufacture is a commercial drug offense for purposes of this subsection if it is accompanied by at least three of the following factors:

"(A) The delivery was of heroin, cocaine, methamphetamine, lysergic acid diethylamide, psilocybin or psilocin and was for consideration;

"(B) The offender was in possession of $300 or more in cash;

"* * * * *

"(E) The offender was in possession of drug transaction records or customer lists;

"* * * * *

"(K) The offender was in possession of controlled substances in an amount greater than:

"* * * * *

"(iii) Eight grams or more of a mixture or substance containing a detectable amount of methamphetamine[.]"

reverse defendant's conviction for possession of methamphetamine and remand for entry of judgment of conviction without the commercial drug offense enhancement on that crime; remand for resentencing; and otherwise affirm.[2]

On review of the denial of a motion for judgment of acquittal, "we state the facts in the light most favorable to the state." *State v. Kaylor*, 252 Or App 688, 690, 289 P3d 290 (2012), *rev den*, 353 Or 428 (2013). We then "determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the state proved all the essential elements of the offense," including statutory sentencing enhancement factors, beyond a reasonable doubt. *Id.* at 691; *see also* ORS 136.785(2); *State v. Skaggs*, 239 Or App 13, 15, 244 P3d 380 (2010).

In this case, law enforcement officers stopped defendant for a traffic violation. During the stop, the officers discovered 141.98 grams of methamphetamine divided into two bags under the front passenger seat of defendant's car and on the person of his passenger. A later patdown search of defendant revealed $4,080 in cash in his pocket. Defendant also had $315 in his wallet. The police further discovered a ledger and two cell phones in the car that contained information that police believed to be drug records.

Defendant was indicted for the charges of possession and delivery of methamphetamine. The indictment pleaded that each crime involved the same four commercial drug offense factors under ORS 475.900(1)(b): "[t]he delivery was for consideration," ORS 475.900(1)(b)(A); "[t]he defendant[] [was] in possession of $300.00 or more in cash," ORS 475.900(1)(b)(B); "[t]he defendant[] [was] in possession of drug records," ORS 475.900(1)(b)(E); and "[t]he delivery involved a quantity of [a] controlled substance, consisting of eight grams or more of a mixture of substance containing [a] detectable amount of methamphetamine," ORS 475.900(1)(b)(K)(iii). For the delivery charge, the state also pleaded that "the above-described delivery of methamphetamine involved substantial quantities of

---

[2] That disposition obviates the need to address defendant's second assignment of error, in which he argues that the trial court plainly erred in imposing attorney fees without proof of his ability to pay.

a controlled substance, consisting of 10 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers or salts of isomers." ORS 475.900(1)(a)(C).[3]

At trial, the state's theory with respect to the delivery charge was that, although defendant had not completed a delivery of the drugs seized in the traffic stop, he was nevertheless guilty of delivery under an "attempted" delivery theory. *See* ORS 475.005(8) ("'Deliver' or 'delivery' means the actual, constructive or attempted transfer * * * from one person to another of a controlled substance[.]"). In *State v. Boyd*, 92 Or App 51, 54, 756 P2d 1276, *rev den*, 307 Or 77 (1988), we held that the possession of an amount of drugs inconsistent with personal use, together with other indicia of drug trafficking, was sufficient to prove that the defendant took a "substantial step" towards the transfer of a controlled substance and had, therefore, attempted to deliver the drugs. *See also State v. Alvarez-Garcia*, 212 Or App 663, 666, 159 P3d 357 (2007) ("Possessing a controlled substance with the intent to transfer it may constitute a substantial step toward actually transferring it.").

At the close of evidence, defendant moved for judgment of acquittal on the "for consideration" commercial drug offense factor in ORS 475.900(1)(b)(A). Defendant did not argue that the evidence was insufficient to show an attempted delivery. Instead, defendant asserted that the evidence was insufficient to prove that the attempted delivery was sufficiently commercial in character, because there was no proof that consideration for the delivery had been tendered or arranged. According to defendant, in order to

---

[3] ORS 475.900(1)(a)(C) provides for an alternative basis to enhance a sentence for delivery or manufacture (but not possession) of a controlled substance. It states that a violation of ORS 475.890, among other crimes, "shall be classified as crime category 8 of the sentencing guidelines grid of the Oregon Criminal Justice Commission if:

"(a) The violation constitutes delivery or manufacture of a controlled substance and involves substantial quantities of a controlled substance. For purposes of this paragraph, the following amounts constitute substantial quantities of the following controlled substances:

"* * * * *

"(C) Ten grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers or salts of its isomers[.]"

prove that the attempted delivery of methamphetamine was "for consideration," the state was required to show "real" or "actual" consideration, rather than "[pro]spective or possible or inferred consideration" from the evidence otherwise used to prove attempted delivery. Defendant explained that, in an attempted or constructive delivery case, the state could prove that the attempted or constructive delivery was for "actual consideration" by showing that "there's been some sort of an arrangement and there's a prospective buyer waiting in the wings just *** that [the] connection hasn't been made yet." However, defendant argued, there was no such "arrangement" shown in this case. Instead, there was "really a [pure] constructive delivery, and consequently, there is only constructive consideration," which did not satisfy the "for consideration" commercial drug offense factor. The state responded that "constructive delivery is included in delivery and it's possession with intent to deliver, which includes possession with intent to deliver for consideration." The state continued that, "in a constructive delivery case, the enhancement factor for consideration is appropriate." The trial court denied the motion.

Defendant was subsequently found guilty by a jury and convicted of possession and delivery of methamphetamine. The jury also found that the state had proved three commercial drug offense factors on both the possession and delivery charges: (1) "the delivery *** [was] for consideration," (2) "the defendant [was] in possession of $300.00 or more in cash," and (3) "the defendant [was] in possession of more than 8 grams of a mixture or substance containing a detectable amount of methamphetamine." The jury found that the state failed to prove that defendant had possessed drug records. Additionally, with respect to the delivery charge, the jury found that the state had proved that defendant had possessed "substantial quantities of [a] controlled substance consisting of 10 grams or more of a mixture or substance containing a detectable amount of methamphetamine, methamphetamine salts, isomers or salts of isomers[.]"

Based on the jury's findings, the trial court imposed enhanced sentences under ORS 475.900(1) for both convictions. For the delivery conviction, the trial court scored

defendant's criminal history as I, determined that the crime category for the offense was 9, and imposed a 36-month sentence.[4] For the possession conviction, the court scored defendant's criminal history as I, determined that the crime category for the offense was 8, and imposed an 18-month sentence. The court imposed the sentences concurrently.

On appeal, the parties dispute the meaning of the phrase "[t]he delivery *** was for consideration" in ORS 475.900(1)(b)(A). According to defendant, that statute requires the state to prove that a constructive, attempted, or actual delivery be "for consideration," that is, a "delivery of drugs in exchange for something bargained for and received by the person delivering the drugs." In response, the state insists that no such exchange need occur because, consistent with ORS 475.005(8) (providing that "delivery" includes "constructive" or "attempted" transfers of drugs) and *Boyd*, "delivery *** for consideration" encompasses any attempted transfer where the defendant intends to transfer drugs for "money, goods, or services."

We interpret the phrase "[t]he delivery *** was for consideration" through an analysis of the text, context, and legislative history of ORS 475.900(1)(b)(A).[5] *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). As noted, the legislature has defined the term "delivery," as the term is "used in ORS 475.005 to 475.285 and 475.752 to 475.980," to mean an "actual, constructive or attempted transfer *** of a controlled substance." ORS 475.005(8).

---

[4] It is unclear how the trial court arrived at a crime category of 9 for the delivery conviction, given that ORS 475.900(1) states that a conviction for delivery under ORS 475.890 "shall be classified as crime category 8" if any of the enhancement factors in that provision are met, and the record reveals no other basis to enhance defendant's sentence. However, defendant has not assigned error to that determination, and we do not address it.

[5] We note that it appears that the "for consideration" factor in ORS 475.900(1)(b)(A) might apply only when the underlying crime is delivery, not possession. *See* ORS 475.900(1)(b) ("A possession, delivery or manufacture is a commercial drug offense *** if it is accompanied by at least three of the following factors: (A) The *delivery* *** was for consideration[.]" (Emphasis added.)). However, defendant does not argue that a sentence for possession cannot be enhanced as a commercial drug offense by showing, in part, that the defendant also committed a separate delivery offense that "was for consideration." We, therefore, assume without deciding that ORS 475.900(1)(b)(A) applies to sentences for possession, as well as delivery, offenses.

On the other hand, the legislature has not defined the meaning of "consideration" for purposes of ORS 475.900. Because that term has a "well-defined legal meaning[,]" we presume that the legislature intended for it to carry that meaning. *Dept. of Transportation v. Stallcup*, 341 Or 93, 99, 138 P3d 9 (2006). The plain, legal meaning of consideration is "[t]he inducement to a contract. The cause, motive, price, or impelling influence which induces a contracting party to enter into a contract. Some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other." *Black's Law Dictionary* 306 (6th ed 1990); *see also Moro v. State of Oregon*, 357 Or 167, 196 n 18, 351 P3d 1 (2015) ("'Consideration' is that which one party provides to the other in exchange for entering into [a] contract."); *Restatement (Second) of Contracts* § 71 (1981) (consideration is a "performance or return promise" that is "bargained for," meaning that it is "sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise"). Consequently, a delivery of drugs "was for consideration" if the defendant was induced to deliver drugs, *i.e.*, he or she engaged in an actual, attempted, or constructive transfer of the drugs to another person, in exchange for some benefit from or detriment incurred by another person, *e.g.*, a payment or a promise of payment.

That definition does not answer the question of whether, as the state posits, consideration can be inferred under ORS 475.900(1)(b)(A) solely because the circumstances suggest an intent to transfer drugs for "money, goods, or services," something that will be proved whenever the state proves two or more of the other factors in ORS 475.900(1)(b). An analysis of ORS 475.900(1)(b) as a whole—the immediate context of ORS 475.900(1)(b)(A)— suggests that the legislature intended that the "for consideration" commercial drug offense factor have a distinct and separate meaning from any one or more of the other commercial drug offense factors in ORS 475.900(1)(b), that is, to require actual consideration, as opposed to consideration that might be inferred from the overall commercial character of the delivery. Simply put, the "for consideration" factor is a way to prove the commercial character of the delivery.

The otherwise commercial character of the delivery, on the other hand, is not a way to prove that the transaction was for consideration.

The "for consideration" factor is one of 11 factors in ORS 475.900(1)(b).[6] If the state proves any three of those factors beyond a reasonable doubt, a delivery is a "commercial drug offense." ORS 475.900(1)(b). As is apparent from the term "commercial drug offense," the purpose of those factors is to determine whether a person is selling drugs on a large scale. *See Webster's Third New Int'l Dictionary* 456 (unabridged ed 2002) (defining "commercial" as "of, in, or relating to commerce," and "commerce" as "the exchange or buying and selling of commodities esp. on a large

---

[6] Those factors are:

"(A) The delivery was of heroin, cocaine, methamphetamine, lysergic acid diethylamide, psilocybin or psilocin and was for consideration;

"(B) The offender was in possession of $300 or more in cash;

"(C) The offender was unlawfully in possession of a firearm or other weapon as described in ORS 166.270(2), or the offender used, attempted to use or threatened to use a deadly or dangerous weapon as defined in ORS 161.015, or the offender was in possession of a firearm or other deadly or dangerous weapon as defined in ORS 161.015 for the purpose of using it in connection with a controlled substance offense;

"(D) The offender was in possession of materials being used for the packaging of controlled substances such as scales, wrapping or foil, other than the material being used to contain the substance that is the subject of the offense;

"(E) The offender was in possession of drug transaction records or customer lists;

"(F) The offender was in possession of stolen property;

"(G) Modification of structures by painting, wiring, plumbing or lighting to facilitate a controlled substance offense;

"(H) The offender was in possession of manufacturing paraphernalia, including recipes, precursor chemicals, laboratory equipment, lighting, ventilating or power generating equipment;

"(I) The offender was using public lands for the manufacture of controlled substances;

"(J) The offender had constructed fortifications or had taken security measures with the potential of injuring persons; or

"(K) The offender was in possession of controlled substances in an amount greater than:

"* * * * *

"(iii) Eight grams or more of a mixture or substance containing a detectable amount of methamphetamine[.]"

scale and involving transportation from place to place—compare TRADE, TRAFFIC"); *see also State v. Rankins,* 280 Or App 673, 681-82, 382 P3d 530 (2016) (adopting that definition of commerce and concluding, based on the legislative history of ORS 475.900(1)(b), that the provision was targeted at "'fairly large big-time dope dealing'" (quoting Tape Recording, Senate Committee on Judiciary, HB 2390, May 24, 1991, Tape 188, Side A (statement of Rep Tom Mason)).[7] Necessarily, a "commercial" drug dealing operation will include transfers of drugs in exchange for money or other consideration.

Consequently, the inference that an attempted delivery is "for consideration" in the sense used by the state—that the defendant possessed drugs with the intent or hope of transferring them in exchange for money—arises whenever the state proves any three of the commercial drug offense factors, because proving those factors will demonstrate that the defendant was engaged in "commerce" related to illegal drugs. Under the state's interpretation of the phrase "[t]he delivery *** was for consideration"—that it could be shown by evidence of two other commercial drug offense factors such as possession of cash under ORS 475.900(1)(b)(B) and possession of a large quantity of drugs under ORS 475.900 (1)(b)(K)—ORS 475.900(1)(b)(A) would be meaningless surplusage. It would add nothing to the other commercial drug offense factors, and it would be met in every otherwise commercial drug offense case involving a delivery. *See State v. Stamper,* 197 Or App 413, 418, 106 P3d 172, *rev den,* 339 Or 230 (2005) (explaining that we generally assume that the

---

[7] The legislative history of ORS 475.900(1)(b) also shows that the legislature intended for the "commercial drug offense" enhancement to replace the "scheme or network" provision of the Oregon Sentencing Guidelines, which was held to be unconstitutionally vague in *State v. Moeller,* 105 Or App 434, 440-41, 806 P2d 130, *rev dismissed,* 312 Or 76 (1991). *See Rankins,* 280 Or App at 682 ("While *Moeller* was pending in [the Court of Appeals], House Bill (HB) 2390 was introduced in the legislature to 'fix the vagueness problem.'" (Quoting Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2390, Jan 30, 1991, Tape 11, Side A (statement of Committee Counsel Gregory A. Chaimov).)). The bill's sponsor, Representative Tom Mason, explained the bill was intended to target drug schemes or networks, "which [are] basically commercial dealing in drugs." Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2390, Feb 5, 1991, Tape 16, Side A (statement of Rep Tom Mason).

legislature "did not intend any portion of its enactments to be meaningless surplusage").

In contrast, defendant's proposed interpretation gives independent effect to the "for consideration" factor. *See Delta Logistics, Inc. v. Employment Dept. Tax Section*, 279 Or App 498, 509, 379 P3d 783 (2016) ("Our goal is to construe the statute to give legal effect to all of its provisions."); ORS 174.010 ("[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."). Interpreting ORS 475.900(1)(b)(A) to require proof of "actual consideration" means that a delivery could satisfy other factors in ORS 475.900(1)(b), indicating that the defendant is operating or participating in a commercial drug operation, without automatically satisfying ORS 475.900(1)(b)(A). Instead, to prove the "for consideration" factor, the state would also have to prove something else—that the defendant actually received, or entered into an agreement to receive, something in exchange for the transfer of the drugs—thereby giving effect to ORS 475.900(1)(b)(A).[8]

Accordingly, we conclude that, to prove that a "delivery *** was for consideration" within the meaning ORS 475.900(1)(b)(A), the state must show that the defendant has received, or has entered into an agreement to receive, some benefit from or detriment incurred by another person at the time that he or she commits a delivery. That is so whether that delivery is an actual, attempted, or constructive transfer of drugs.[9] We now consider whether, viewing the evidence in the light most favorable to the state, the

---

[8] We have reviewed the legislative history offered by the state and conclude that it is not instructive in determining the meaning of ORS 475.900(1)(b)(A).

[9] The state argues that our reading of ORS 475.900(1)(b)(A) requires the state to prove that a defendant has completed an "actual" transfer of drugs in order to prove that a delivery "was for consideration." The state contends that this sets delivery for consideration under ORS 475.900(1)(b)(A) apart from "any other delivery offense in Chapter 475," which include attempted or constructive transfers. The state is incorrect. If the state proves that a defendant has entered into an agreement to transfer drugs for consideration, or has received payment in advance of transferring drugs, it has proved that the defendant committed an *attempted* delivery for *actual* consideration, even if the defendant did not complete the delivery. Thus, like all other delivery offenses in ORS chapter 475, a delivery for actual consideration could be an attempted or constructive delivery.

record includes evidence from which a rational trier of fact could have found beyond a reasonable doubt that defendant delivered methamphetamine "for consideration." *See Kaylor*, 252 Or App at 691.

Here, there was no evidence in the record from which a jury could permissibly find that defendant had, in fact, received consideration when he was apprehended by the police. The state did not put on evidence that defendant had entered into an agreement for the sale of the methamphetamine in his possession or had otherwise received payment or a promise of payment. Further, although defendant was in possession of $4,395 in cash when he was arrested, the state introduced no evidence from which a jury could reasonably infer that the money was payment for the methamphetamine without engaging in impermissible speculation. *See State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004) (although the state may rely on a jury drawing "reasonable inferences" from the evidence to sustain a conviction, "speculation and guesswork are not" permissible). For example, the state points to no evidence in the record that there was a buyer waiting to receive the methamphetamine. Therefore, the trial court erred in denying defendant's motion for judgment of acquittal on the "for consideration" commercial drug offense factor.

However, with respect to defendant's sentence for the delivery conviction, that error was harmless. As previously noted, the state also pleaded, and the jury found, that defendant's delivery offense involved a "substantial quantity" of methamphetamine—"[t]en grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers or salts of its isomers." ORS 475.900(1)(a)(C). Proving that defendant's delivery involved a "substantial quantity" of drugs has the same enhancing effect on his sentence as proving three of the "commercial drug offense" factors. *Cf. State v. Merrill*, 135 Or App 408, 410-12, 899 P2d 712 (1995) (substantial quantity and commercial drug offense are "alternative grounds for enhancing [a] sentence"). Therefore, defendant was eligible for the same enhanced sentence for delivery under both ORS 475.900(1)(a) and ORS 475.900(1)(b). Accordingly, the trial court's error with respect to the sentence for the delivery conviction was

harmless, and we may not reverse the imposition of that enhanced sentence. ORS 138.230 ("After hearing the appeal, the court shall give judgment, without regard to the decision of questions which were in the discretion of the court below or to technical errors, defects or exceptions which do not affect the substantial rights of the parties.").

The same is not true of defendant's enhanced sentence for possession. ORS 475.900(1)(a) applies only to violations that "constitute[] delivery or manufacture of a controlled substance"—not to possession. Accordingly, defendant's possession conviction could not have been enhanced to crime category 8 without proof of three commercial drug offense factors, and the error with respect to defendant's sentence for possession was not harmless.

Conviction on Count 2 reversed and remanded for entry of judgment of conviction for possession of a controlled substance without the commercial drug offense enhancement; remanded for resentencing; otherwise affirmed.