WALTERS, J.
**640 In this criminal case, we conclude that, to prove that a delivery "is for consideration" under ORS 475.900 (2)(a) and that an enhanced sentence is therefore merited, the state is required to offer evidence that a defendant either entered into an agreement to sell or completed a sale of the specified drugs. Evidence that a defendant possessed the drugs with the intent to sell them is insufficient. We reverse the decision of the Court of Appeals, State v. Stewart , 282 Or. App. 845, 386 P.3d 688 (2016),[1] and remand the case for resentencing.
Defendant knocked on a woman's door early one morning. The woman, Otto, thought that she recognized defendant and let him inside her apartment. Shortly thereafter, Otto realized that she had mistaken defendant for someone else, but she did not ask him to leave. Instead, the two sat on Otto's couch and smoked marijuana. Defendant made Otto uncomfortable and later followed Otto to her bedroom, prompting Otto to ask defendant to go. Defendant, while sitting on Otto's bed, patted it and asked if he could stay for a few hours. When Otto refused defendant's request, defendant said, "Well, I can give you some incentive and we can stay up." Otto again declined defendant's advance. Defendant then asked Otto for sandwich bags, and Otto retrieved some from the kitchen. Defendant commented that he "needed to make some money," removed a bag from his pocket, and went into Otto's bathroom, where he spilled a substance that Otto thought looked like Epsom salt on the floor. When defendant finished in the bathroom, he used Otto's phone to call for a ride. Defendant told Otto that she could have whatever remained of the substance on her floor and left.
Otto called 9-1-1. She reported that defendant spilled a "white, powdery substance" on her bathroom floor, asked if she or anyone that she knew wanted to "buy some"
**641 of the substance, and stated several times that he "needed to make some money." Police responded to the call and located defendant near Otto's apartment. Police discovered small bags containing methamphetamine on defendant and arrested him. Police also determined that the substance on Otto's floor *961 was methamphetamine and, after transporting defendant, found a glove containing methamphetamine in their patrol car.
Defendant was charged with various crimes, including unlawful delivery of methamphetamine.[2] In the indictment, the state also alleged that defendant delivered the methamphetamine "for consideration." Proof of that delivery "is for consideration" increases a defendant's crime category on the sentencing guidelines grid from a 4 to a 6. ORS 475.900(2)(a). Generally, the presumptive sentence for a category 4 crime is probation. See OAR 213-005-0007 (stating that sentence below dispositional line shall be probation or straight jail); Oregon Criminal Justice Commission, Oregon Sentencing Guidelines Grid (2018)[3] (seven of nine criminal history classifications for category 4 below dispositional line). The sentence for a category 6 crime can be probation or prison depending on the defendant's criminal history. See Oregon Criminal Justice Commission, Oregon Sentencing Guidelines Grid (2018) (four of nine criminal history classifications for category 6 below dispositional line). Defendant entered a plea of not guilty and proceeded to a jury trial.
After the state's case, defendant moved for a judgment of acquittal, challenging the sufficiency of the evidence to establish a delivery "for consideration." The state contended that the evidence was sufficient and made two arguments. First, the state argued that defendant's statements to Otto while in her bedroom would permit the jury to find that defendant had offered methamphetamine to Otto in exchange for sexual favors. Second, the state argued that defendant's acts in separating the methamphetamine into multiple bags and making statements about how he **642 "needed to make some money" would permit the jury to find that defendant possessed the methamphetamine with the intent to sell it. The trial court denied defendant's motion. The jury found defendant guilty of unlawful delivery "for consideration."
Defendant appealed to the Court of Appeals and assigned error to the trial court's denial of his motion for judgment of acquittal. Stewart , 282 Or. App. at 847, 386 P.3d 688. In support of his argument, defendant relied on the reasoning of the Court of Appeals in its decision in State v. Villagomez , 281 Or. App. 29, 380 P.3d 1150 (2016). Id. There, the Court of Appeals construed subsection (1) of ORS 475.900. Villagomez , 281 Or. App. at 35, 380 P.3d 1150. Paragraph (b) of that subsection increases a defendant's crime category on the sentencing guidelines grid from a 4 to an 8 if the state proves any three of eleven factors, one of which is that the defendant's delivery of certain controlled substances "was for consideration." ORS 475.900(1)(b), (1)(b)(A). In Villagomez , the Court of Appeals rejected the state's argument that possession with the intent to sell such substances is sufficient to prove that factor and held that evidence that the defendant received, or entered into an agreement to receive, something of value is required. 281 Or. App. at 39, 380 P.3d 1150.
In this case, however, the Court of Appeals construed subsection (2) of ORS 475.900 and reached a different conclusion. Stewart , 282 Or. App. at 860, 386 P.3d 688. The court reasoned that, in paragraph (a) of that subsection, the legislature used a different verb tense-"is for consideration-than it used in subsection (1) of the statute-" "was for consideration." Id. at 858, 386 P.3d 688 (discussing ORS 475.900(1)(b)(A) ). That indicated to the court that the legislature did not intend that the two phrases have identical meanings. Id. Instead, the court reasoned that ORS 475.900(1)(b)(A) refers to consideration as a completed act while ORS 475.900(2)(a) refers to consideration as a current or future act. Id. at 860, 386 P.3d 688. Considering that textual distinction, context, and legislative history, the court concluded that evidence that a defendant possessed drugs with the intent to sell them is sufficient to prove that a delivery "is for consideration" under ORS 475.900(2)(a) and affirmed the trial court. Id. at 860-61, 386 P.3d 688.
**643 We granted defendant's petition for review in this case and the state's petition for review in Villagomez and consolidated the *962 two cases for purposes of oral argument. We decided Villagomez first, and, we, like the Court of Appeals, rejected the state's argument that ORS 475.900(1)(b)(A) could be satisfied by evidence that the defendant possessed drugs with the intent to sell them. State v. Villagomez , 362 Or. 390, 392, 412 P.3d 183 (2018). After considering the text, context, and legislative history of the statute, we concluded that the legislature intended to require evidence of a completed sale of the drugs or an agreement to sell them, id. at 410, 412 P.3d 183, and reversed and remanded the case for resentencing, id. at 411, 412 P.3d 183.
Similarly, this case requires us to determine whether ORS 475.900(2)(a) can be established by evidence that a defendant possessed drugs with the intent to sell them or, alternatively, demands evidence of an existing agreement to sell, or a completed sale of, the delivered drugs. In resolving that issue, we seek the construction of ORS 475.900(2)(a) that the legislature intended and use the framework established in State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009), beginning with the statute's text.
ORS 475.900(2)(a) provides in pertinent part:
"(2) A violation of ORS 475.752 or 475.806 to 475.894 shall be classified as crime category 6 of the sentencing guidelines grid of the Oregon Criminal Justice Commission if:
"(a) The violation constitutes delivery of * * * methamphetamine * * * and is for consideration."
ORS 475.900(2)(a).[4] As we noted in Villagomez , "delivery" and "consideration" have accepted definitions. 362 Or. at 395, 412 P.3d 183. "Delivery" is defined by statute, and, under the Court **644 of Appeals decision in State v. Boyd , 92 Or. App. 51, 54, 756 P.2d 1276, rev. den. , 307 Or. 77, 763 P.2d 731 (1988), it can be established by evidence that a defendant possessed drugs with an intent to sell them. Villagomez , 362 Or. at 395, 412 P.3d 183. The term "consideration" is not defined by statute, but it has a well-understood legal meaning that we presume the legislature intended. Id. It means the "accrual to one party of some right, interest, profit or benefit or some forebearance, detriment, loss or responsibility given, suffered or under-taken by the other." Id. at 396, 412 P.3d 183 (citing Shelley v. Portland Tug & Barge Co. , 158 Or. 377, 387, 76 P.2d 477 (1938) ); see also Moro v. State of Oregon , 357 Or. 167, 196 n. 18, 351 P.3d 1 (2015) (" 'Consideration' is that which one party provides to the other in exchange for entering into the contract.").
Defendant's argument centers on the word "consideration." He relies on the accepted legal meaning of that word and contends that it requires evidence of a sale or an agreement to sell. The state's argument centers on the word "for" in the phrase "for consideration." That word, the state asserts, means "with the purpose or object of" or "in order to obtain * * * or gain" and permits the state to prove that a delivery is "for consideration" by offering evidence that a defendant possessed drugs with the purpose of selling them.[5]
*963 **645 Those textual arguments mirror the parties' textual arguments in Villagomez , and, for the reasons discussed in that case, we conclude that, as used in ORS 475.900(2)(a), the phrase "for consideration" is susceptible to more than one meaning. 362 Or. at 396-97, 412 P.3d 183. We turn to context and legislative history to further inform us of the legislature's intention.
Regarding context, the statutory construction that we identified in Villagomez is significant. In Villagomez , we determined that paragraph (b) of subsection (1) was intended to describe circumstances that distinguish an "ordinary" delivery-one that results in a crime category 4 on the sentencing guidelines grid-from a delivery that is a more serious crime. 362 Or. at 398, 412 P.3d 183. Given that intention, we reasoned that the factors identified in paragraph (b) of subsection (1) logically would describe facts in addition to those required to prove "ordinary" delivery and that would make an "ordinary" delivery more serious. Id.
That same feature is evident in paragraph (a) of subsection (2): It describes one of the circumstances that merit treating an "ordinary" delivery, with a default crime category 4, as a more serious crime, one with a crime category 6. See ORS 475.900(3)(a) (stating that default crime category for delivery is 4); ORS 475.900(2)(a) (stating that delivery "for consideration" is crime category 6). It makes logical sense, then, that paragraph (a) of subsection (2) would describe a fact in addition to those necessary to establish an "ordinary" delivery. The construction for which defendant advocates would require proof of such a fact, but the construction for which the state advocates would not. As explained in Villagomez , under the Court of Appeals decision in Boyd , evidence that a defendant possessed drugs with an intent to sell them would be sufficient, without more, to prove "ordinary" delivery. 362 Or. at 400, 412 P.3d 183. Under the state's proposed construction of ORS 475.900(2)(a), that evidence also would establish delivery "for consideration," making an "ordinary" delivery punishable as a more serious crime without proof of an additional fact.
The legislative history demonstrates that that was not what the legislature intended. First, as we noted in **646 Villagomez , the legislative history of ORS 475.900 is replete with indications that the legislature used the term "for consideration" to refer to drug sales and intended to distinguish between Boyd deliveries-i.e. , possession with the intent to sell-and deliveries "for consideration"-i.e. , actual sales. 362 Or. at 409, 412 P.3d 183.
Second, the legislative history confirms that the legislature intended that delivery "for consideration" under ORS 475.900(2)(a) be a more serious crime than "ordinary" delivery. HB 2390, which later became ORS 475.900, began as a joint effort by the Oregon District Attorneys Association and the Oregon Criminal Defense Lawyers Association. Villagomez , 362 Or. at 402, 412 P.3d 183. One of the main concerns of the district attorneys was that there was no presumptive prison time for drug sales, and, to address that concern, subsection (1) of the draft bill provided that a defendant would receive a crime category 8 on the sentencing guidelines grid if the defendant delivered controlled substances "for consideration." Id. at 403, 412 P.3d 183. Some individuals, though, were not comfortable with any drug sale automatically leading to a prison sentence. Id. at 403-04, 412 P.3d 183. Therefore, the bill was amended to make delivery "for consideration" one of several factors that collectively could indicate that a defendant's offense was a commercial drug offense and enhance a defendant's crime category to an 8 on the sentencing guidelines grid. Id. at 404, 412 P.3d 183.
A series of proposed amendments followed in the coming weeks, and, during a subcommittee work session, a few legislators voiced their displeasure with the complications that *964 the amendments would entail. See Tape Recording, House Committee **647 on Judiciary, Subcommittee on Crime and Corrections, HB 2390, Feb. 20, 1991, Tape 30, Side A, B (statements of Rep. Ray Baum and Rep. Tom Mason). Those legislators noted that the original bill was quite simple and addressed the district attorneys' concern that, under current law, delivery "for consideration" did not result in presumptive prison time. Id. Representative Tom Mason, who had introduced HB 2390, seemed concerned that the bill had lost those features, and he proposed that delivery "for consideration" be one of the ways in which a defendant could receive an enhanced penalty. Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2390, Feb. 20, 1991, Tape 30, Side B (statement of Rep. Mason). In response to that suggestion, Representative Del Parks reiterated his sentiment that the bill should not make delivery "for consideration," on its own, a prison offense. Id. (statement of Rep. Parks). The work session then came to a close, but not before the committee chair encouraged the members to put forth a version of the bill that everyone could be "proud of." Id. (statement of Rep. Randy Miller).
Less than a week later, the subcommittee held the next hearing on HB 2390 and discussed newly proposed amendments to the bill. Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2390, Feb. 26, 1991, Tape 35, Side B. As relevant here, the most notable change was the addition of a new subsection that provided for a crime category 6 if "the violation involved delivery for consideration of heroin, cocaine, or methamphetamine."[6] Exhibit I, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2390, Feb. 26, 1991 (proposed amendments to HB 2390). That amendment was explained as permitting a crime category 6 placement-which would result in a mix of presumptive probation and presumptive prison sentences-without the need to establish other factors, as was required in subsection (1) of the bill. Tape Recording, Senate Committee on Judiciary, HB 2390, June 12, 1991, Tape 229, Side B (statement of legislative counsel Ingrid Swenson); Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2390, Feb. 26, 1991, Tape 35, Side B (statement of Rep. Mason) (explaining crime category 6). It was **648 further described as applying if "you sell cocaine, heroin, or methamphetamine."[7] Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2390, Feb. 26, 1991, Tape 35, Side B (statement of Rep. Mason); see also Tape Recording, Senate Committee on Judiciary, HB 2390, May 24, 1991, Tape 187, Side A (statement of Swenson) (explaining that "getting paid for the delivery in any amount" is delivery "for consideration"). The amendment *965 was adopted, and it became what is now ORS 475.900(2)(a).
That legislative history demonstrates that ORS 475.900(2)(a) was a compromise between those legislators who believed that delivery "for consideration" should result in a presumptive prison sentence and those who believed that such a delivery should result in a prison sentence only if accompanied by additional facts indicative of a commercial drug enterprise. The latter group of legislators succeeded in requiring evidence of facts in addition to delivery "for consideration" to make a delivery punishable as a crime category 8 offense with a presumptive prison sentence. But the former group of legislators succeeded in making delivery "for consideration" a crime category 6 offense, punishable by probation or prison depending on the defendant's criminal history. Thus, it seems that the legislature used the term "for consideration" to describe a fact in addition to those necessary to prove a crime category 4 offense-i.e. , "ordinary" delivery.
The state's arguments about the legislative history do not convince us otherwise. The state first argues that the legislature intended ORS 475.900(2)(a)"to distinguish between big-time drug dealers" worthy of a crime category 8 **649 placement and those worthy of a crime category 4 for "casually transfer[ing] drugs among themselves without making any money." That argument, however, is consistent with our understanding. A requirement that the state adduce evidence beyond that necessary for a crime category 4 placement to obtain a more serious sentence accords with the legislature's objective.
The state also argues that the legislative history does not reveal an intent to distinguish between Boyd deliveries (possession with the intent to sell) and deliveries accompanied by an agreement to sell or a completed sale. At most, the state argues, that history indicates that the legislature was aware of the expansive nature of the concept of "delivery" and nonetheless chose not to restrict its meaning when using it in conjunction with the phrase "for consideration." The state is correct that the term "delivery" is broad, but it is not correct in its understanding of the role that the phrase "for consideration" plays in the provision at issue. The legislature did not provide an enhanced sentence for all deliveries; it did so only for a narrower set of deliveries-those that are "for consideration." See Villagomez , 362 Or. at 403, 406, 412 P.3d 183 (Rep. Mason explained that "consideration" is a limiting word because "delivery" is very broad and that he wanted penalties enhanced based on the "real thing").
The state's final argument is also one that we have previously rejected-that the legislative history cannot overcome the unambiguous text of ORS 475.900(2)(a). As we concluded in Villagomez , the phrase "for consideration" is capable of more than one construction, and the state's construction does not give full effect to the legal meaning of "consideration." 362 Or. at 397, 412 P.3d 183. The legislative history demonstrates that it is that legal meaning that the legislature intended.
Based on the statute's text, context, and legislative history, we conclude that, to prove that a delivery "is for consideration" as the phrase is used in ORS 475.900(2)(a), the state must demonstrate an agreement to sell the drugs at issue or a completed sale of those drugs; evidence that a defendant possessed the drugs with the intent to sell them **650 is insufficient. As a result, we also conclude that the trial court erred in denying defendant's motion for a judgment of acquittal. The evidence adduced by the state was not sufficient to establish that defendant's offense constitutes delivery of methamphetamine that is "for consideration" under ORS 475.900(2)(a).
The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for resentencing.

The Court of Appeals also accepted the state's concession that the trial court erred in requiring defendant to pay attorney fees and reversed the portion of the judgment that required defendant to pay those fees. Stewart , 282 Or. App. 845, 861, 386 P.3d 688 (2016). That determination is not at issue before this court.

Defendant's appeal before this court pertains only to that charge.

www.oregon.gov/cjc/about/Documents/guidelinesgrid.pdf (last accessed Mar. 14, 2018).

ORS 475.900(2)(a) requires that the delivery be of substances that are different than the substances identified in ORS 475.900(1)(b)(A). Both provisions apply to the delivery of heroin, cocaine, and methamphetamine. However, each provision also applies to the delivery of substances that the other does not. For example, ORS 475.900(1)(b)(A) includes lysergic acid diethylamide, psilocybin, and psilocin within its purview, and ORS 475.900(2)(a) includes 3,4-methylenedioxyamphetamine, 3,4-methylenedioxymethamphetamine, and 3,4-methylenedioxynethylamphetamine.

In making its textual argument, the state does not rely on the differing verb tenses that interested the Court of Appeals. The state agrees with defendant that the legislature's use of the word "is" in ORS 475.900(2)(a) and its use of the word "was" in ORS 475.900(1)(b)(A) does not carry interpretative significance. We agree. The legislature used the present tense in all of the paragraphs of ORS 475.900 that describe the bases for sentence enhancement. See, e.g. , ORS 475.900(1)(a) (results in crime category 8 if the "violation constitutes delivery or manufacture" and "involves substantial quantities" of specified drugs); ORS 475.900(1)(b) (results in crime category 8 if the "violation constitutes possession, delivery or manufacture" and "is a commercial drug offense") (emphases added). Consistent with that grammatical structure, ORS 475.900(2)(a) places a defendant at crime category 6 if the "violation constitutes delivery" of certain drugs and "is for consideration." (emphasis added). The use of the present tense in that paragraph harmonizes that provision with the paragraphs of subsection (1) that describe the bases for sentence enhancement. In contrast, the legislature generally used the past tense in its description of the factors that indicate a commercial drug offense. See, e.g. , ORS 475.900(1)(b)(A) (the "delivery was of" controlled substances and "was for consideration"); ORS 475.900(1)(b)(B) (the "offender was in possession" of a certain amount of cash); ORS 475.900(1)(b)(J) (the "offender had constructed fortifications or had taken securing measures with the potential of injuring persons") (emphases added).

Other changes were technical in nature. As we noted in Villagomez , ORS 475.900(1)(b)(A) was changed from "delivery for consideration of" specified controlled substances to "the delivery was of" specified controlled substances and "was for consideration" during staff revisions before the March 8 work session. Villagomez , 362 Or. at 406 n. 9, 412 P.3d 183 (2018). Those revisions were viewed as "technical" changes and adopted. Id. Similarly, ORS 475.900(2)(a) was changed from "delivery for consideration of" specified controlled substances to "the violation constitutes delivery" of specified controlled substances and "is for consideration." Compare Exhibit I, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2390, Feb. 26, 1991 (proposed amendments), with Exhibit C, House Committee on Judiciary, HB 2390, Mar. 8, 1991 (proposed amendments). That amendment also was adopted as part of the "technical" changes on March 8. Tape Recording, House Committee on Judiciary, HB 2390, Mar. 8, 1991, Tape 25, Side A (comments of legislative counsel Greg Chaimov and Rep. Tom Mason).

The legislative history that is specific to ORS 475.900(2)(a) is limited. Other discussions do not shed additional light on its meaning. For example, there was a discussion about changing "involved" to "constitutes" so that the provision would only apply to the deliverer. Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2390, Feb. 26, 1991, Tape 35, Side B (statement of legislative counsel Greg Chaimov). Also, one district attorney requested that the phrase "for amounts less than those listed in [subsection (1)'s substantial quantity provision]" be added to ORS 475.900(2)(a) so that a defendant who delivered a substantial quantity of drugs "for consideration" could not attempt to argue that the defendant belonged in crime category 6 as opposed to crime category 8. Id. (statement of Thomas A. Sieg).